McIlvaine, C. J.
Several errors are assigned, but we think it unnecessary to notice any other than those relating to the refusal of the court to charge the jury as requested by defendant below.
The court refused to charge “ that violence, in order to constitute ah assault with intent to rob, must not be subsequent to the attempt to take the property.” This request should have been, given. There being no putting in fear, violence is an essential ingredient in the crime of robbery. We find nothing in the charge as given which can be considered as a fair equivalent for the request. The testimony tended to show that after the taking of the property had been abandoned by the defendant, a struggle to avoid an arrest ensued. However violent this struggle, it did not characterize the attempt to take the diamond stud. The jury should have been plainly told that the charge of assault with intent to rob by violence was not proved by subsequent violence used to avoid an arrest.
The court also refused to charge, “that if the jury find that the defendant had not used such force and violence as makes him guilty of assault with intent to rob, he may be found guilty of assault and battery.”
If the jury, contrary to law, had been instructed that a conviction of the defendant for assault and battery only could not be had under that indictment, his danger of a *379 conviction for the higher crime named in the indictment would, no doubt, have been increased. Howard v. The State, 25 Ohio St. 399; Heller v. The State, 23 Ohio St. 582.
True, the court had told the jury in the general charge “that if it was only an attempt to commit larceny of the property from the person by snatching the pin, then there would be no crime except assault and battery.” And again, the court had said to the jury: “Counsel for defendant suggests that the defendant may have simply intended to unfasten the pin, and then steal it without letting Miller (the prosecuting witness) know what he was doing. If this were so, I instruct the jury that the defendant would not be guilty of any thing beyond an assault and battery.”
It was probably the intention of the court that the jury should understand that a conviction of the less offense might be had in the pending action; but it was not so stated, and it may be that the refusal to charge as requested misled the jury, especially as no reason for the refusal was given.
The record before us does not show that the defendant was arraigned on the indictment before trial. The record is defective in this particular.

Judgment reversed.